CHANEL, INC., and Chanel Industries, Inc., Appellees,

v.

R. G. SMITH, doing business under the name and style of Ta'ron, Inc., Appellant.

CHANEL, INC., and Chanel Industries, Inc., Cross-Appellants,

v.

R. G. SMITH, doing business under the name and style of Ta'ron, Inc., Cross-Appellee.

Nos. 74–2315, 74–2316.

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1976.

Carl Hoppe (argued), Eckhoff, Hoppe, Slick, Mitchell & Anderson, San Francisco, Cal., for appellant.

Robert M. Damir (argued), Zang, Friedman & Damir, San Francisco, Cal., for appellee.

## OPINION

Before KOELSCH and ELY, Circuit Judges, and TURRENTINE,* District Judge.

PER CURIAM:

This is the second time that the present controversy has been before our court. On the first appeal we reversed an Order granting Chanel a preliminary injunction and remanded the cause to enable the District Court to make appropriate findings. *Smith v. Chanel, Inc.,* 402 F.2d 562 (9th Cir. 1968). Upon remand, the court heard extensive evidence leading to findings that Smith had made numerous false misrepresentations in his advertising relating to the asserted equivalence of his "Second Chance" perfume products with those of "Chanel No. 5." *Cf. Saxony Products, Inc. v. Guerlain, Inc.,* 513 F.2d 716 (9th Cir. 1975). The court therefore granted Chanel a permanent injunction which restrained Smith, *inter alia,* from claiming in his advertising that "Second Chance" products duplicated or were the same as, or equivalent to, "Chanel No. 5" products with regard to "scent, smell, formulation, compounding or otherwise."

Smith appeals, contending that the injunction granted by the District Court is too broad and also that the court should have awarded him damages and attorneys' fees resulting from his successful appeal from the Order granting the preliminary injunction. In its cross-appeal, Chanel argues that the injunction is too narrow and should have restrained Smith from any use whatsoever of the name "Chanel No. 5" in his advertising. We reject the contentions here made by both parties.

The critical factual determinations made by the District Court were in all respects supported by substantial evidence. The challenged injunction amply protects Chanel, and as to Smith, a less restrictive injunction might have allowed him to continue his indefensible advertising practices.

Finally, we conclude that there was no basis, in the light of the facts, upon which the District Court might properly have awarded Smith, as against Chanel, damages and attorneys' fees.

Affirmed.[1]

* Honorable Howard B. Turrentine, United States District Judge, San Diego, California, sitting by designation.

1. The parties shall bear the costs that each, respectively, has incurred in connection with the proceedings in this court.